FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 03, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT PERDUE, PATRICIA PERDUE, and "SCOUT," <br><br> Plaintiffs, <br><br> v. <br><br> POSTMASTER OF PASCO, WA.; MAILMAN OF NORTH UNDERWOOD AREA IN KENNEWICK, WA., <br><br> Defendants. | No. 4:21-CV-05055-SAB <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION** |

Before the Court is Defendants' Motion to Dismiss for Lack of Jurisdiction, ECF No. 9. The motion was considered without oral argument. Plaintiffs are proceeding *pro se*. Defendants are represented by Tim Durkin. Having reviewed the briefing and applicable caselaw, the Court grants the motion.

**Facts**

The following facts are pulled from Plaintiff's Complaint, ECF No. 1, and Defendant's summary of facts in the present Motion to Dismiss, ECF No. 9.

On or about January 8, 2019, Pasco Letter Carrier Daniel Vasquez submitted a Dog Interference Form to his supervisor after he was attacked and bit by Plaintiffs' dog, Scout, while delivering mail to Plaintiffs' home. Mr. Vasquez suggested that delivery to Plaintiffs' home be halted until the issue with Plaintiffs'

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION** *1

dog was corrected. On or around January 10, 2019, Plaintiffs were sent a Dog Interference Letter, notifying them that they were required to rent a P.O. Box and pick up their mail at the Pasco General Mail Facility unless the situation was corrected by containing Scout during mail delivery hours.

On or about January 29, 2019, Pasco Police Officers responded to a call from the Pasco Post Office. Plaintiff Robert Purdue was sitting in his vehicle in the parking lot outside the Post Office and refused to leave. Pasco Police served a Notice of Trespass on Plaintiff and permanently barred him from entering the Pasco Post Office property, citing "yelling & causing disturbance" as the basis for the Trespass Notice.

On or about March 13, 2019, Mr. Vasquez submitted a second Dog Interference Form reporting that he was again attacked by Scout while delivering mail to Plaintiffs' neighbor when the dog ran from their yard to the neighbor's yard during mail delivery. Mr. Vasquez again suggested to halt home delivery—this time, to Plaintiff's neighbor's home—until Plaintiffs took remedial action to contain the dog. Plaintiffs' neighbors received a Dog Interference Letter notifying them of the halt of their home delivery on March 15, 2019. According to Defendant, Plaintiffs have not taken remedial action to address the United States Postal Service's ("USPS") safety concerns regarding Scout. Because of this, the USPS has not reinstated home mail delivery to Plaintiffs.

In the present action, Plaintiffs assert that Defendants are "endangering [their] lives and disobeying the ADA's intent." ECF No. 1 at 5. Plaintiffs further assert that employees of USPS should be trained to handle dogs and that he is being charged an "unfair tax." *Id.*

### Procedural History

Plaintiffs previously filed a separate *pro se* complaint with this Court on September 6, 2019, requesting the Court compel the U.S. Postmaster in Pasco, Washington to return regular home delivery of mail to their home. *See* Case No.

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION *2

19-CV-05221-SAB, at ECF 1. That matter was dismissed with prejudice after the defendant in that case filed a Rule 12(b)(1) Motion to Dismiss for Lack of Jurisdiction. *Id.* at ECF No. 14. In response, Plaintiffs filed a Construed Motion for Reconsideration, *id.* at ECF No. 15, which was denied, *id.* at ECF. No. 16. Plaintiffs filed a second Construed Motion for Reconsideration, *id.* at ECF No. 17, but the Court closed the file and denied the second motion as moot, *id.* at ECF No. 19.

About a year after the first matter was closed, Plaintiffs filed a second *pro se* Complaint in the present action. ECF No. 1. Plaintiffs' Complaint largely remains the same; however, Plaintiffs now assert that Defendants are in violation of the Americans with Disabilities Act of 1992 (the "ADA") by refusing to provide mail delivery service. ECF No. 1 at 3–4. On July 6, 2021, Defendants filed a Motion to Dismiss for Lack of Jurisdiction. ECF No. 9.

## Legal Standard

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss a case based on lack of subject matter jurisdiction. When reviewing a Rule 12(b)(1) motion to dismiss for lack of jurisdiction, the allegations in a plaintiff's complaint are taken as true. *Bollard v. Cal. Province of the Soc'y of Jesus*, 196 F.3d 940, 944–45 (9th Cir. 1999). The plaintiff bears the burden of establishing subject matter jurisdiction. *Ashoff v. City of Ukiah*, 130 F.3d 409, 410 (9th Cir. 1997). Furthermore, upon review for failure to state a claim, the facts alleged in a complaint must "plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). Mere legal conclusions "are not entitled to the assumption of truth." *Id.* The complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

## Discussion

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION *3**

Defendants argue that the Court lacks subject matter jurisdiction over this action. They contend that the Postal Regulatory Commission has exclusive jurisdiction over Plaintiffs' service-related complaints. ECF No. 9 at 8. They also argue that while Plaintiffs make a conclusory reference to the Americans with Disabilities Act of 1992 ("ADA"), 42 U.S.C. § 12101 *et seq.*, Plaintiffs do not cite any specific provision or provide factual evidence to invoke the ADA's jurisdiction. *Id.*

In this case, the Complaint fails to establish federal subject matter jurisdiction. The Postal Regulatory Commission ("PRC") has exclusive jurisdiction over service-related complaints. Plaintiffs only seek the return of their home mail delivery, and thus their claim is inferred to seek relief under the Postal Accountability and Enhancement Act of 2006 (the "PAEA"), 39 U.S.C. § 3662 *et seq*. The PAEA granted jurisdiction to the PRC to consider complaints concerning postal services and rates. 39 U.S.C. § 3662. Once the complainant has exhausted their options before the PRC, they may appeal a PRC judgment by filing a petition before the United States Court of Appeals for the District of Columbia. *Id.* § 3664. Under the PAEA, the district courts have jurisdiction to enforce and enjoin the Postal Service from violating any order from the PRC. *Id.* As a result, courts have held that the PRC has exclusive jurisdiction over service-related complaints. *McClintock v. United States*, No. 3:18-CV-01937-SB, 2020 WL 1868264 (D. Or. Mar. 18, 2020); *Striley v. U.S. Postal Serv.*, No. 16-CV-07233-HRL, 2017 WL 513166, at *1 (N.D. Cal. Feb. 8, 2017); *Murphy v. United States Postal Service*, No. C14–02156 SI, 2014 WL 4437731, at *3 (N.D. Cal. Sept. 9, 2014); *McDermott v. Potter*, No. C09-0776RSL, 2009 WL 2971585, at *3 (W.D. Wash. Sept. 11, 2009), *aff'd sub nom. McDermott v. Donahue*, 408 F. App'x 51 (9th Cir. 2011); *see also LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 801 (8th Cir. 2006); *Shelby Res., Inc. v. United States Postal Serv.*, 619 F.Supp. 1546, 1548–49

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION *4**

(S.D.N.Y. 1985). Consequently, this Court lacks jurisdiction and Plaintiffs must seek relief from the PRC.

Furthermore, the Complaint fails to state a claim upon which relief may be granted. As presented in the Complaint, Plaintiffs' claims are vague and conclusory. Plaintiffs state that their statutory rights under the ADA were violated. ECF No. 1 at 3. As the basis of their claim, Plaintiffs write that Defendants "put me in harm's way and are in violation of A.D.A. (American Disabilities Act)" and "[t]he Post Office is endangering my life and disobeying the ADA's intent." *Id.* at 4–5. The Complaint provides no further explanation of how their claim falls under the ADA other than these conclusory statements. Plaintiffs do not assert that they are qualified individuals with a disability, or that they were excluded from services because of their disabilities. Rather, they were excluded from mail delivery services because they refused to restrain their dog during mail delivery hours and one of them was subject to a no trespass order at the post office due to inappropriate behavior. Furthermore, the ADA does not apply to federal agencies or employees. *See Vinson v. Thomas*, 288 F.3d 1145, 1155 (9th Cir. 2002).[1] While the Court accepts the allegations in the Plaintiffs' Complaint as true, Plaintiffs have not stated any elements for a claim under the ADA. Thus, these assertions fail to state a claim upon which relief may be granted.

---

[1] Although Section 504 of the Rehabilitation Act of 1973 *does* recognize a private right of action against federal agencies for disability discrimination, it is not invoked by Plaintiffs here. The Act nonetheless requires a plaintiff to plead that she was excluded from participation or denied the benefits of a program or activity "*solely* by reason of her . . . disability." 29 U.S.C. § 794(a) (emphasis added). Based on Plaintiffs' allegations that the dog bite caused Defendants to cease their mail delivery, it would be futile for them to amend the complaint to allege that Defendants denied home mail delivery solely by reason of their disability.

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION *5**

**Leave to Amend**

Ordinarily, leave to amend a complaint should be freely given following an order of dismissal. *See* Fed. R. Civ. P. 15(a)(2). Leave to amend is denied only when it is clear that the deficiencies of the complaint cannot be cured by amendment. *Cook, Perkiss and Liehe, Inc. v. N. California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). This is especially true when a plaintiff is proceeding *pro se*. *Walker v. Beard*, 789 F.3d 1125, 1139 (9th Cir. 2015) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995)). However, in this case, the Court finds that granting leave to amend Plaintiffs' claims would be futile. As discussed above, the PRC has exclusive jurisdiction over claims related to postal services and rates, and district courts have jurisdiction only to enforce PRC final judgments. Based on the type of relief Plaintiffs are seeking and the reasons stated under footnote one, the Court can conceive of no additional facts that Plaintiffs could allege to either state a viable discrimination claim or otherwise invoke this Court's jurisdiction at this time.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendants' First Motion to Dismiss for Lack of Jurisdiction, ECF No. 9, is **GRANTED**. Plaintiffs' Complaint is **DISMISSED** without prejudice to seeking appropriate relief from the PRC.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, provide copies to counsel and *pro se* Plaintiffs, and **close** the file.

**DATED** this 3rd day of September 2021.

Stanley A. Bastian
Chief United States District Judge

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF JURISDICTION *6